UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANA F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-06015-TLF

ORDER REVERSING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of defendant's denial of plaintiff's application for benefits. Dkt. 1. Plaintiff asserts two related errors: (1) the Administrative Law Judge ("ALJ") failed to provide clear and convincing reasons for rejecting plaintiff's testimony; and (2) the ALJ's decision did not rely on any medical expert opinion. Dkt. 9 at 4, 12.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 3. For the reasons below, the Court **REVERSES** and **REMANDS** the ALJ's decision for further administrative proceedings.

## I. BACKGROUND

Plaintiff asserted a closed period of disability from June 4, 2020, through March 7, 2022. AR 39. Plaintiff asserts that she stopped working around May 2020 because of pelvic organ prolapse. Dkt. 9 at 3 (citing AR 1194). During the closed period, she states she had three different surgical procedures, including a hysterectomy in October 2020,

a reconstructive surgery in May 2021, as well as a gall bladder procedure in January 2021. AR 51, 394-96, 568-70, 632-33, 1194. Plaintiff was ultimately able to return to work in March 2022. AR 39.

In March 2022, plaintiff testified at a hearing before an ALJ. AR 33. In April 2022, the ALJ issued an unfavorable decision. AR 12. Plaintiff appealed and this Court reversed and remanded based on the parties' stipulation. AR 1230-31. In June 2024, plaintiff testified again at a hearing before an ALJ. AR 1182.

After a second administrative hearing, the ALJ again issued an unfavorable decision. AR 1160. The Appeals Council declined review, AR 1153, and plaintiff appeals to this Court.

The ALJ's October 2024 decision resolved the required five-step analysis as follows.

For the first step, the ALJ found plaintiff had engaged in substantial gainful activity from March 7, 2022, through the date of the decision. AR 1166.

For the second step, the ALJ found plaintiff had the severe impairments from the "residual effects of vaginal surgeries and atrial fibrillation." AR 1166.

For the third step, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of listed impairments. AR 1167.

For the fourth step, the ALJ formulated plaintiff's Residual Functional Capacity ("RFC") finding she could "perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ladders, ropes, or scaffolds; she can occasionally

crawl; and she can occasionally be exposed to vibration and extreme cold temperatures." AR 1168.

When formulating the RFC, the ALJ rejected plaintiff's testimony, primarily noting her "longitudinal treatment . . . improvement" and her "demonstrated signs of a normal/stable gait." AR 1169. The ALJ also found all the medical expert's opinions unpersuasive, including state agency medical consultants Gordon Hale M.D. (AR 82) and Amit Joshi M.D. (AR 92), and Kenana Collins, DNP (AR 1700-1702). AR 1170-71.

For the fifth step, the ALJ found plaintiff was able to perform past relevant work as an order clerk. AR 1172.

## II. DISCUSSION

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely; only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson v. O'Malley,* 95 F. 4th 1194, 1200 (9th Cir. 2024).

**A. Need for medical evidence**

As noted above, the ALJ found all three medical expert opinions were unpersuasive. AR 1170-71. The ALJ's decision contains analysis of medical evidence and without any medical opinion about plaintiff's limitations, this was error.

The ALJ has a duty to develop the record and explore the relevant facts. *Garcia v. Comm'r of Social Sec.,* 768 F.3d 925, 930 (9th Cir. 2014). The ALJ does not need to make a specific finding that there is ambiguity or an incomplete record, "the duty to inquire is triggered where the record established ambiguity or inadequacy." *McLeod v. Astrue,* 640 F.3d 881, 885 (9th Cir. 2011).

An ALJ's reliance on "vague" and "undescribed" "'longitudinal evidence'" on improvement coupled with "[t]he lack of a relied-upon medical opinion", suggests the ALJ's analysis 'is evidently nothing more than the ALJ's own exploration and assessment of Plaintiff's impairments.'" *Russell C. v. Saul*, No. 20-cv-256-MMA (RBM), 2021 WL 1116034, at *4 (S.D. Cal. Mar. 24, 2021); *see also Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Curt G. W. v. O'Malley*, No. 2:23-cv-01148-DJA, 2024 WL 2957067, at *5 (D. Nev. Jun. 12, 2024) (finding a lack of substantial evidence as "it is not clear from reviewing the

record how the RFC accounts for Plaintiff's back pain, particularly because the ALJ did not rely on medical opinions.”).

**B. Plaintiff’s statements about symptoms and limitations**

As for the ALJ’s findings regarding a claimant’s statements, the ALJ’s findings “must be supported by specific, cogent reasons.” *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff’s credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff’s testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Here, the parties dispute whether the ALJ provided specific, clear, and convincing reasons for rejecting plaintiff’s testimony. *E.g.*, Dkt. 9 at 8; Dkt. 11 at 2. Further, plaintiff argues the ALJ decision was unsupported by “a medical opinion assessing the claimant’s physical functional limitations.” Dkt. 9 at 12.

In rejecting plaintiff’s testimony, the ALJ found (in pertinent part) that plaintiff’s testimony on “the intensity, persistence, and limiting effects” of her condition was inconsistent due to her “longitudinal treatment, including her noted improvement with treatment and mainly benign clinical examination findings.” AR 1169, 1170 (noting similar reasons when rejecting reliance on plaintiff’s multiple surgeries). The ALJ also found plaintiff’s testimony “regarding difficulty standing” was undermined by “demonstrated signs of a normal/stable gait on examination.” AR 1169. The ALJ’s

decision also appears to summarize plaintiff's history concerning treatment, surgeries, and recovery. *E.g.*, AR 1169-70.

And, as noted above, the ALJ found all three medical expert opinions were unpersuasive. AR 1170-71.

A plaintiff "'doing well for purposes of a treatment program" without any medical provider's opinion about symptoms and limitations concerning their ability to work, "has no necessary relation to [plaintiff's] ability to work or to her work-related functional capacity.'" *Rose P. v. Comm'r of Soc. Sec.*, 414 F.Supp.3d 1339, 1343 (W.D. Wash. 2019) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)). Rather, the question is whether plaintiff improved to a level of function close to that before their symptoms or condition developed. *Id.* Here, the ALJ's reference to notes that plaintiff was "doing well," "feeling better," or that her symptoms were "not bothersome," AR 1169, are thus insufficient. Although some degree of recovery or relief may be documented at that moment when a physician took notes during an examination, the notes do not on their own establish plaintiff had a functional capacity to work. *E.g.*, AR 383, 615, 887.

Courts have also cautioned against "blanket application of 'normal gait' as grounds to discredit standing or walking limitations," as such notes often contain no information indicating a provider observed the claimant's walk for "more than a few moments." *Driscoll M. v. Comm'r of Soc. Sec.*, No. 2:25-cv-01574-BAT, 2026 WL 380596, at *1 (W.D. Wash. Feb. 11, 2026). Here too, it appears the ALJ relied on similar records with brief notes on a 'normal' gait, *e.g.* 364, 367, 424, 576, 677, 694, 921, 924, 1124.

And when an ALJ's decision "summarized the medical evidence, it is not entirely clear how the ALJ then translated that evidence" into functional limitations for the plaintiff. *Holtan v. Kijakazi*, 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023). Such an approach "is particularly concerning because the ALJ did not rely on any of the medical opinions, finding all of the medical opinions of record unpersuasive." *Id.* (emphasis omitted).

The Court thus finds the ALJ did not provide specific, clear, and convincing reasons to reject plaintiff's testimony. And while the "'absence of a medical opinion is not necessarily fatal'" in every circumstance, *Russell C.*, 2021 WL 1116034, at *4 (quoting *Rivera v. Berryhill*, No. ED CV 16-791-SP, 2017 WL 5054656, at *5 (C.D. Cal. Oct. 31, 2017), on remand, the ALJ should consider whether obtaining medical expert evidence would be prudent. *See* Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (noting an ALJ's duty to fully and fairly develop the record); *see also Tagger v. Astrue*, 536 F. Supp. 2d 1170 (C.D. Cal. 2008) (noting an ALJ may solicit medical expert testimony).

As a final note, the Plaintiff also briefly asks this Court remand with instructions to award benefits. Dkt. 9 at 11. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). The Court declines to do so here, as the record contains unresolved ambiguities, and additional proceedings including a medical expert opinion, can remedy the ALJ's errors. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Revels*, 874 F.3d at 668.

## III. CONCLUSION

For the reasons above, the Court **REVERSES** and **REMANDS** the ALJ's decision for further administrative proceedings, including a de novo hearing. On remand, the ALJ shall reconsider plaintiff's testimony and shall consider obtaining consultative medical opinion evidence about the relevant period.

Dated this 25th day of November, 2026

Theresa L. Fricke
United States Magistrate Judge